# EXHIBIT B

# UNITED STATES DISTRICT COURT
## for the
### District of Massachusetts

In the Matter of the Search of  )
*(Briefly describe the property to be searched  )
or identify the person by name and address)*  )   Case No. 20-MJ-7353-JCB
)
THE PREMISES AT ▮▮▮▮▮▮▮▮  )
IN RANDOLPH, MASSACHUSETTS, AND THE  )
PERSON OF SPENCER HUGHES, YOB 1988  )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The premises located at ▮▮▮▮▮▮▮▮, Randolph, Massachusetts 02368, and the person of Spencer Hughes, whose year of birth is 1988, more fully described in Attachment A, hereby incorporated by reference.

located in the _____ District of _____Massachusetts_____, there is now concealed *(identify the person or describe the property to be seized)*:

Records, tangible objects, information, data, computer-related documentation, computer hardware, computer software, and electronic storage media or devices, more fully described in Attachment B, hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S. Code § 2252A | Certain Activities Relating to Material Constituting or Containing Child Pornography |

The application is based on these facts:
See attached affidavit of Homeland Security Investigations (HSI) Special Agent Nicole Sorrell.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Nicole Sorrell*
Applicant's signature

Special Agent Nicole Sorrell, HSI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: __10/7/2020__

*/s/ Jennifer C. Boal*
Judge's signature

City and state: Boston, Massachusetts

Jennifer C. Boal, U.S. Magistrate Judge
Printed name and title

# ATTACHMENT B

## ITEMS TO BE SEIZED

I. All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of 18 U.S.C. § 2252A (distribution and possession of child pornography), including:

   A. Records and tangible objects pertaining to the following topics:

      1. Child pornography and child erotica; and

      2. Communications with any other person that relates to the sexual exploitation of children.

      3. Use, control, or access to the Kik account associated with the username **trainreq**.

      4. Use, control, or access to the email account ▮▮▮▮@comcast.net.

      5. Use, control, or ownership of the phone associated with number ▮▮▮▮5562.

      6. Use, control, or access to the Comcast account associated with the service provided to ▮▮▮▮, Randolph, MA.

   B. For any computer hardware, computer software, computer-related documentation, or storage media called for by this warrant or that might contain things otherwise called for by this warrant ("the computer equipment"):

      1. evidence of who used, owned, or controlled the computer equipment;

      2. evidence of computer software that would allow others to control the items, evidence of the lack of such malicious software, and evidence of the presence or absence of security software designed to detect malicious software;

       3.       evidence of the attachment of other computer hardware or storage media;

       4.       evidence of counter forensic programs and associated data that are designed to eliminate data;

       5.       evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the computer user;

       6.       passwords, encryption keys, and other access devices that may be necessary to access the computer equipment;

       7.       records and tangible objects pertaining to accounts held with companies providing Internet access or remote storage of either data or storage media;

       8.       documentation and manuals that may be necessary to access the computer equipment or to conduct a forensic examination of the computer equipment;

       9.       records of or information about Internet Protocol addresses used by the computer equipment;

       10.     records of or information about the computer equipment's Internet activity; and

       11.     contextual information necessary to understand the evidence described in this attachment.

C.    Records, information, and items relating to the ownership or use of computer equipment and other electronic storage devices found in or on the SUBJECT PREMISES.

II.    All computer hardware, computer software, computer-related documentation, and storage media. Off-site searching of these items shall be limited to searching for the items

described in Paragraph I.

## DEFINITIONS

For the purpose of this warrant:

A.  "Computer equipment" means any computer hardware, computer software, computer-related documentation, storage media, and data.

B.  "Computer hardware" means any electronic device capable of data processing (such as a computer, smartphone, cellular telephone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C.  "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

D.  "Computer related documentation" means any material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

E.  "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

F.  "Data" means all information stored on storage media of any form in any storage format and for any purpose.

G.  "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

H. "Child Pornography," as defined in 18 U.S.C. § 2256(8)(A), means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

I. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions; this also includes texts or discussions regarding minors engaged in sexual acts or conduct.

**EXECUTION**

Searching agents will endeavor to search and seize only the computer equipment which, upon reasonable inspection and/or investigation conducted during the execution of the search, reasonably appear to contain the evidence authorized by this warrant, as outlined above. If, however, the law enforcement agents cannot make a determination as to use or ownership regarding any particular device, the law enforcement agents will seize and search that device pursuant to the probable cause established herein.

**RETURN OF SEIZED COMPUTER EQUIPMENT**

If the owner of the seized computer equipment requests that it be returned, the government will attempt to do so, under the terms set forth below. If, after inspecting the seized computer equipment, the government determines that some or all of this equipment does <u>not</u> contain contraband and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

4

If the computer equipment contains contraband, it will not be returned. If the computer equipment cannot be returned, agents will attempt to make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband or the fruits or instrumentalities of crime.

USAO 0191

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means    ☑ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
THE PREMISES AT ▮▮▮▮▮▮ ) Case No.  20-MJ-7353-JCB
IN RANDOLPH, MASSACHUSETTS, AND THE )
PERSON OF SPENCER HUGHES, YOB 1988 )
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of \_\_\_\_Massachusetts\_\_\_\_
*(identify the person or describe the property to be searched and give its location)*:

The premises located at ▮▮▮▮▮▮▮▮, Randolph, Massachusetts 02368, and the person of Spencer Hughes, whose year of birth is 1988, more fully described in Attachment A, hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Records, tangible objects, information, data, computer-related documentation, computer hardware, computer software, and electronic storage media or devices, more fully described in Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before \_\_\_October 20, 2020\_\_\_ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to \_\_\_Honorable Jennifer C. Boal\_\_\_.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for \_\_\_\_ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: \_\_11:58 AM, Oct 7, 2020\_\_      [signature]
                                                       *Judge's signature*

City and state:   Boston, Massachusetts       Jennifer C. Boal, U.S. Magistrate Judge
                                               *Printed name and title*

USAO 0192

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 20-MJ-7353-JCB | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

USAO 0193

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means   ☑ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )        Case No. 20-MJ-7353-JCB
THE PREMISES AT ▮▮▮▮▮▮▮▮▮▮ )
IN RANDOLPH, MASSACHUSETTS, AND THE )
PERSON OF SPENCER HUGHES, YOB 1988 )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Massachusetts_____
*(identify the person or describe the property to be searched and give its location)*:

The premises located at ▮▮▮▮▮▮▮▮▮▮, Randolph, Massachusetts 02368, and the person of Spencer Hughes, whose year of birth is 1988, more fully described in Attachment A, hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Records, tangible objects, information, data, computer-related documentation, computer hardware, computer software, and electronic storage media or devices, more fully described in Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____October 20, 2020_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Jennifer C. Boal_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __11:58 AM, Oct 7, 2020__   /s/ Jennifer C. Boal
*Judge's signature*

City and state:   Boston, Massachusetts   Jennifer C. Boal, U.S. Magistrate Judge
*Printed name and title*

USAO 0194

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

### Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 20-MJ-7353-JCB | 10/13/2020 at 0800 hours | Left on table in residence- ▮▮▮▮ |

**Inventory made in the presence of:** Spencer Hughes

**Inventory of the property taken and name(s) of any person(s) seized:**

- 001- Samsung solid state drive
- 002- Samsung Micro SD Card- 8GB
- 003- Verbatim thumb drive- red
- 004- 1SJKE33M Hitachi hard drive 160 GB
- 005- R52K80KWJVM Samsung Galaxy Tablet
- 006- Book containing child pornography- titled, 'Show Me! A Picture Book of Sex for Children and Parents'
- 007- Panasonic Toughbook model CF-30
- 008- FCC ID ACJ9TGWL13A Panasonic Toughbook
- 009- Western Digital xternal hard drive s/n WXM1A974YRUD
- 010- Toshiba External hard drive
- 011- Western Digital external hard drive s/n WXF1A665CZ01
- 012- Samsung Galaxy Note 9 cell phone
- 013- Western Digital external hard drive s/n WCC6Y4SFKAZY
- 014- Thumb drive- white
- 015- Acer Aspire computer

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/13/2020

*Nicole Sorrell*
*Executing officer's signature*

Nicole Sorrell, Special Agent
*Printed name and title*