

U.S. Department of Justice

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 16, 2021

Matthew D. Thompson
Butters Brazilian LLP
699 Boylston Street
Boston, Massachusetts 02116

      Re:    <u>United States v. Spencer Hughes</u>
               Criminal No. 20-CR-10273-DJC

Dear Attorney Thompson:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Spencer Hughes ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

      Defendant will plead guilty to the Indictment, which charges the Defendant with one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

      2.    <u>Penalties</u>

      As Defendant faces the following mandatory minimum and maximum penalties:

          a)    As to Count 1, the Defendant faces a mandatory minimum of 60 months' imprisonment and a statutory maximum of 20 years' imprisonment.

          b)    As to Count 2, the Defendant faces a statutory maximum of twenty years' imprisonment.

    c) As to both counts, the Defendant faces a term of supervised release of at least five years and up to life; a fine of $250,000; a mandatory special assessment of $100 per count; a special assessment of $5,000 pursuant to 18 U.S.C. § 3014 (the "JVTA assessment"), unless the Court finds that Defendant is indigent; a special assessment pursuant to 18 U.S.C. § 2259A (the "AVAA assessment") (up to $35,000 on Count 1 and up to $17,000 on Count 2), unless the Court finds that the Defendant is unable to pay; mandatory restitution; and forfeiture to the extent charged in the Indictment.

Defendant understands and acknowledges that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

    3.    <u>Sentencing Guidelines</u>

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 34, based upon the following:

    a) Defendant's base offense level is 22, pursuant to USSG § 2G2.2(a)(2);

    b) Defendant's offense level is increased by 2, because Defendant possessed material that involved a prepubescent minor or a minor who had not attained the age of 12 years, pursuant to USSG § 2G2.2(b)(2);

    c) Defendant's offense level is increased by 2, because Defendant knowingly engaged in distribution, pursuant to USSG § 2G2.2(b)(3);

    d) Defendant's offense level is increased by 4, because Defendant possessed material that portrayed sadistic or masochistic conduct or other depictions of violence, pursuant to USSG § 2G2.2(b)(4);

    e) Defendant's offense level is increased by 2, because Defendant used a computer or an interactive computer service for the possession, transmission, receipt or distribution of the material, pursuant to USSG § 2G2.2(b)(6);

    f) Defendant's offense level is increased by 5, because Defendant possessed 600 or more images, pursuant to USSG § 2G2.2(b)(7)(D); and

g) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes, pursuant to USSG § 3E1.1.

However, the Government agrees, based on the nature and circumstances of this case, not to advocate for the application of the two-level increase because the defendant engaged in the knowing distribution of child pornography (USSG § 2G2.2(b)(3)), not to advocate for the application of the two-level increase for use of a computer (USSG § 2G2.2(b)(6)), and to seek only a one-level increase for material portraying sadistic or masochistic conduct (USSG § 2G2.2(b)(4)).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration for no more than 70-87 months;

b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) A special assessment up to $35,000, pursuant to 18 U.S.C. § 2259A, unless the Court finds that Defendant is not able, and is not likely to become able, to pay;

d) A special assessment of $5,000, pursuant to 18 U.S.C. § 3014, unless the Court finds that Defendant is indigent;

e) 60 months of supervised release;

      f) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

      g) mandatory restitution in an amount to be determined at or within 90 days of sentencing; and

      h) forfeiture as set forth in Paragraph 6.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

      a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

      b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.   Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of the Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a) 1SJKE33M Hitachi hard drive 160 GB;
b) R52K80KWJVM Samsung Galaxy Tablet;
c) Book containing child pornography entitled, 'Show Me! A Picture Book of Sex for Children and Parents;'
d) Panasonic Toughbook model CF-30;
e) FCC ID ACJ9TGWL13A Panasonic Toughbook;
f) Toshiba External hard drive; and
g) Samsung Galaxy Note 9 cell phone.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney J. Mackenzie Duane.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: _____
Anne Paruti
Chief, Major Crimes Unit

_____
J. Mackenzie Duane
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Spencer Hughes
Defendant

Date: 12/21/2021

I certify that Spencer Hughes has read this Agreement and that we have discussed what it means. I believe Spencer Hughes understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Matthew D. Thompson
Attorney for Defendant

Date: 12/21/2021

8