UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE NO. 20-CR-10273-DJC

**UNITED STATES OF AMERICA,**

vs.

**SPENCER HUGHES,**

    **Defendant.**

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Sentencing Memorandum. For the following reasons, the Government recommends a sentence at the low end of the guidelines range calculated by the Government, to 70 months' imprisonment.

The Government is requesting a sentence at the low end of the guidelines range as calculated by the Government—to 70 months' imprisonment. A sentence at the low end of the guidelines would be a reasonable sentence in light of the 3553(a) factors that would reflect the seriousness of the Defendant's offense, provide deterrence, promote respect for the law, and be reflective of the harm caused by this Defendant to the victims depicted in the images and videos that he possessed. As is outlined in the Presentence Investigation Report ("PSI"), the Government has agreed not to seek a variety of enhancements in this case that would otherwise apply. The Defendant is already receiving a significant benefit because of these concessions (from a range of 151-188 months as calculated by the United States Probation Office, to a range of 70-87 months as calculated in the Plea Agreement by the Government). A further variance is not warranted based upon the facts of this case.

In this case, the Defendant pled guilty to receipt and possession of child pornography. As is outlined in the PSI, the initial lead in this case originated on or about July 29, 2019, when an image of child pornography depicting a prepubescent female was shared from the Defendant's residence on Kik Messenger, a mobile application designed for chatting and messaging. PSI at ¶ 9. Over a year later, on October 13, 2020, when a federal search warrant was executed at that residence, law enforcement recovered thousands of images and videos of child pornography saved on multiple devices, including the Defendant's cellular phone, a Toshiba external hard drive, two different Panasonic CF-53 laptop computers, and a Hitachi hard drive. *Id.* at ¶¶ 16-19. In fact, a child pornography video was recovered from the Hitachi hard drive, which was approximately 7 minutes in length, which, pursuant to Comment 4(B)(ii) of § 2G2.2 of the United States Sentencing Guidelines, provides a basis for an upward variance in these types of cases. A review of these devices indicated that the Defendant had received child pornography on various dates between October 13, 2018, and September 5, 2019. *Id.* at ¶ 21. By the Defendant's own admission, he "hoarded it." *Id.* at ¶ 13. He would click on links, download to save the images to his laptop, then save the images to an external device from his laptop. *Id.* As is outlined in the PSI, these videos included a video of a female approximately five to six years old being penetrated by an adult male. *Id.* at ¶ 16. In another video, which supports the one-level enhancement the Government is seeking for sadistic and masochistic material, a prepubescent female who appears to be approximately seven to nine years old, appears to be screaming while she is held down by an adult female while the adult female attempts to insert an object into the child's anus. *Id.* at ¶ 20. The child later appears masked in the video while the adult female sits on the child's face forcing her vagina into the child's mouth. *Id.* The Defendant took multiple steps to seek out, view,

download, and save what are essentially crime scene photos of children on multiple different devices.

The seriousness of the Defendant's offense cannot be overstated and the arguments raised in support of a variance—such as that the Defendant was not a producer of child pornography or a contact offender—simply miss the point. *See* Defendant's Sentencing Memorandum, at 5, 15. If the Defendant had been a producer of child pornography or a contact offender he would have been charged accordingly and he would be facing much more severe penalties. The Defendant here needs to be held accountable for his conduct in this case and that conduct is accounted for by a sentence within the guidelines range calculated by the Government.

The victims depicted in these videos and images have suffered a very real harm and the dissemination of these images and videos that capture the worst moments of their lives exacerbates that harm. Not only does it constitute the continued invasion of privacy, but the dissemination of these images and videos creates a market that leads to the creation of these images in the first place. *See United States v. Tillmon*, 195 F.3d 640, 644 (11th Cir. 1999). These videos and images haunt these children for the rest of their lives. One of the victims in the Defendant's collection, "Erika," was sexually abused by her own father when she was a little girl.[1] Erika cannot leave the abuse in her past because of offenders like the Defendant. Offenders, like the Defendant, perpetuate her harm and re-victimize her with each view. As Erika outlines in her victim impact statement:

> I have to live with the aftermath of being raped as a child. When my father was arrested in 2012, I thought my life would finally be normal, that I would heal. The reality turned out to be devastating . . . . I live with knowing that my body is online; existing forever in the form of pixels. So many people have seen my images, it's astounding to imagine. How could a girl feel more violated than to have her body on display for any pedophile anywhere in the world to see?

---

[1] The Defendant possessed one image of Erika.

*See* Erika Victim Impact Statement. The Defendant also possessed 24 images of "Jenny." Jenny was only seven when she was molested and photographed for two years. In her victim impact statement she states:

> I worry about the pictures of me that are out there and I hate that others see them. I have feared over the years that someone would recognize me in public. I wish only that every single one can be found and destroyed someday. It is upsetting thinking about them and I want them to go to jail for doing it.

*See* Jenny Victim Impact Statement. The Defendant's sentence should be reflective of the harm done to the victims depicted in the images and videos that he possessed. There is a grave need in these cases for sentences that reflect the seriousness of possessing and receiving these images not only to provide deterrence, but to promote respect for the law against this very conduct.

For all of these reasons, the Government respectfully requests that the Court deny the Defendant's request for a downward variance and asks that the Court impose a sentence of seventy months.

                                    Respectfully submitted,

                                    RACHAEL S. ROLLINS
                                  UNITED STATES ATTORNEY

By:   */s/ J. Mackenzie Duane*
       J. Mackenzie Duane
       Assistant United States Attorney
       One Courthouse Way, Suite 9200
       Boston, Massachusetts 02210
       (617) 748-3654
       Mackenzie.duane@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ J. Mackenzie Duane*
J. Mackenzie Duane
Assistant United States Attorney